**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | | |
|---|---|---|
| JOHN PEREZ, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 5:20-cv-04331-JMG |
| | : | |
| OFFICER JOSE LEBRON, *et al.,* | : | |
| Defendants. | : | |

---

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                                    **August 6, 2021**

Plaintiff John Perez brings civil rights claims following an encounter with the Allentown Police Department. Defendants now move to compel production of documents and information concerning Plaintiff's medical treatment and social media accounts. For the reasons explained below, the motion will be denied without prejudice.

## I.      BACKGROUND

On February 4, 2021, Defendants served Plaintiff with their first set of interrogatories and request for production of documents. Mot. Ex. A, ECF No. 34-1. Defendants requested the names of all medical and psychological providers that treated Plaintiff after the incident, along with "the name, web address, and username of all social media and/or photo-sharing websites to which [Plaintiff is] subscribed." *Id.* at 8–12.

The parties exchanged several communications before Plaintiff provided discovery responses on June 18, 2021. Mot. 3–4, ECF No. 34; *see also* Mot. Ex. F, ECF No. 34-6. As to the medical information, Plaintiff indicated that "[m]edical records have been requested and will be

provided upon receipt."[1]  Mot. Ex. F, at 5.  As to the social media information, Plaintiff responded that he "has only utilized Facebook and Instagram to the best of his recollection."  *Id.* at 7.

Defendants then sent two follow-up letters to Plaintiff, requesting full and complete responses concerning Plaintiff's medical treatment and social media accounts.  *See* Mot. Ex. G, ECF No. 34-7; Mot. Ex. I, ECF No. 34-9.  Plaintiff again advised that he would provide the requested medical information upon receipt.  *See* Mot. Ex. H, ECF No. 34-8.  Plaintiff further advised that he would provide the requested social media information "only in exchange for the identical information" from Defendants.  *Id.* at 1.

The parties have been unable to resolve their discovery dispute, so this motion followed.

## II.    DISCUSSION

### A.    Standard

"The scope and conduct of discovery are within the sound discretion of the trial court." *Atkinson v. Luitpold Pharms., Inc.*, 414 F. Supp. 3d 742, 744 (E.D. Pa. 2019) (citing *In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 668 (3d Cir. 2003)).  Under Federal Rule of Civil Procedure 37(a)(1), "a party may move for an order compelling disclosure or discovery."  We use a burden-shifting framework when faced with motions to compel: "The moving party bears the initial burden to prove that the requested discovery falls within the scope of discovery as defined by [Federal] Rule [of Civil Procedure] 26(b)(1).  If the moving party meets this initial burden, the burden then shifts to the opposing party to demonstrate that the requested discovery (i) does not fall within the scope of discovery contemplated by Rule 26(b)(1), or (ii) is not sufficiently relevant to justify the

---

[1]      In his opposition to the motion, Plaintiff reiterates that "Defendants have been provided all the information which they have requested which is in the Plaintiff's possession regarding Plaintiff's healthcare."  Opp'n 5, ECF No. 35-1.

burden of producing the information." *Wright v. City of Phila.*, No. 16-5020, 2017 WL 1541516, at *1 (E.D. Pa. Apr. 28, 2017) (internal citation omitted).

The scope of discovery in a civil action is broad, but it is not unlimited.  *See Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999).  "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  FED. R. CIV. P. 26(b)(1).  "The responses sought must comport with the traditional notions of relevancy and must not impose an undue burden on the responding party."  *Atkinson*, 414 F. Supp. 3d at 744 (quoting *Hicks v. Arthur*, 159 F.R.D. 468, 470 (E.D. Pa. 1995)).

### B.    Medical Information

Plaintiff's counsel has repeatedly affirmed that he does not have the requested medical records and has not yet "confirmed the identity of the [Plaintiff's] healthcare providers."  Mot. Ex. J, at 2, ECF No. 34-10.  We cannot "compel the creation of evidence by parties who attest that they do not possess the materials sought by an adversary in litigation."  *Medley v. United States*, No. 1:15-cv-1261, 2016 WL 6962611, at *2 (M.D. Pa. Nov. 29, 2016) (citing *AFSCME Dist. Council 47 Health & Welfare Fund v. Ortho-McNeil-Janssen Pharms, Inc.*, No. 08-cv-5904, 2010 WL 5186088, at *4 (E.D. Pa. Dec. 21, 2010)).  As a result, we will deny Defendants' request to compel production of Plaintiff's medical information.  The parties are reminded of their continuing duty to supplement their discovery responses "and make prompt disclosure of any additional relevant, responsive materials which they may encounter in the course of this litigation."  *Id.* at *3; *see also* FED. R. CIV. P. 26(e).  Counsel are further advised to pursue discovery diligently and serve third-party subpoenas as soon as practicable to prevent delay and unnecessary motion practice.

### C.      Social Media Information

"[C]ase law shows that social media content is generally discoverable." *Anderson v. City of Fort Pierce*, No. 14-14095, 2015 WL 11251963, at *2 (S.D. Fla. Feb. 12, 2015) (collecting cases).  The problem here is that Defendants have not carried their "initial burden of showing that the requested discovery is relevant." *Strike 3 Holdings, LLC v. Bordley*, No. 18-868, 2019 WL 9098120, at *1 n.1 (E.D. Pa. Feb. 26, 2019) (internal quotation marks and citation omitted).  Defendants have not explained why disclosure of Plaintiff's social media usernames pertains to Plaintiff's allegations or any potential defense.  Absent a particularized showing of relevance regarding this information, we are compelled to deny Defendants' motion.[2]  This denial is without prejudice to Defendants' ability to renew their arguments with greater specificity.

## III.    CONCLUSION

For the foregoing reasons, Defendants' motion is denied without prejudice.  An appropriate order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

[2]      Defendants stress that "less than twenty-four (24) hours after the incident, Plaintiff gave an interview to 'Freedom Paradox' which was posted on You Tube.  He advised that he works with media groups and has put forth podcasts." Mot. 7.  It is unclear how, if at all, this interview or Plaintiff's purported podcasts bear any relation to this case.  We are not saying that Plaintiff's online presence is necessarily off-limits.  Rather, Defendants have not articulated any potential connection between Plaintiff's social media usernames and the instant allegations.